UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 JUL 27 PM 3:06

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Crim. No. 2:11-cr-82-1 |
| | ) |
| | ) (18 U.S.C. §§ 1001, |
| PAUL TURCOTTE | )              1343) |

## INDICTMENT

The grand jury charges:

### THE SCHEME TO DEFRAUD

1.  Edward and Lucienne Guimond, husband and wife, at times lived both in the United States and Canada. The defendant PAUL TURCOTTE is a son of Lucienne Guimond.

2.  Beginning in approximately 1982, the United States Social Security Administration ("SSA") began making monthly retirement benefit payments to Edward Guimond. Upon Edward Guimond's death in or about 1996, SSA continued to pay benefits to Lucienne Guimond as Edward's widow. Lucienne was entitled to receive those benefits until her death.

3.  At some point after Edward's death, Lucienne Guimond moved to Canada from the United States. After her move to Canada, SSA continued to mail benefit checks to Lucienne.

4.  In 2002, Lucienne Guimond executed a power-of-attorney

granting PAUL TURCOTTE authority to manage her financial affairs. Later in 2002, Lucienne was admitted to hospital in Canada suffering from various physical ailments and dementia.

5.   Lucienne Guimond died in October 2005, at which point her right to receive Social Security benefits expired.

6.   SSA was unaware of Guimond's death and, between 2005 and 2009, continued to mail monthly benefit payment checks, payable to Guimond, to an address in Quebec, Canada.  By 2009, those payments were in the amount of $948 per month.  The defendant PAUL TURCOTTE received those benefit checks, forged Lucienne Guimond's endorsement on those checks, and then cashed or deposited the checks into accounts he maintained in his own name, or accounts he had access to, at Bank of Montreal and Canadian Imperial Bank of Commerce.

7.   In approximately August 2009, the Canadian banks stopped permitting TURCOTTE to negotiate the social security checks made payable to Lucienne Guimond.  The banks informed TURCOTTE that they would not permit him to negotiate the Social Security checks unless his name appeared on the checks as payee or co-payee.

8.   Between August 12, 2009 and September 8, 2009, TURCOTTE faxed a letter, dated August 12, 2009, from Quebec, Canada to an

2

office of the Social Security Administration in Burlington, Vermont. This letter falsely stated that for the past three years, the proceeds of Lucienne's SSA checks had been used specifically for her care. TURCOTTE also said that his mother was incapable of handling financial transactions and that he had a "mandate" to care for her. In the letter, TURCOTTE asked for information about SSA's representative payee program. The program permits the SSA to issue benefit checks to someone other than the named beneficiary under circumstances where the representative payee commits to using the funds for the beneficiary's care. TURCOTTE'S letter explained that his bank would no longer allow him to deposit his mother's benefits checks into his own account unless his name was also on the check. TURCOTTE said his mother "has always signed her check in the presence of a nurse or in front of a bank's teller."

9.    SSA sent TURCOTTE a representative payee application form and TURCOTTE completed it and sent it back to SSA in mid-August 2009. In the application, TURCOTTE falsely claimed that his mother lived with him; that he had a general power of attorney for her; and that she was unable to handle her own benefits because of "various medical issues".

3

10.  Between November 2005 and September 2009, TURCOTTE defrauded SSA of approximately $40,000.

## COUNT 1

11. The grand jury repeats and realleges paragraphs 1-10 of this indictment.

12. Between August 12, 2009 and September 8, 2009, in the District of Vermont and elsewhere, the defendant PAUL TURCOTTE, having devised the scheme and artifice to defraud SSA, and for obtaining money from SSA by means of materially false and fraudulent pretenses and representations, and for the purpose of executing such scheme and artifice, caused to be transmitted by wire in interstate and foreign commerce, between Canada and Vermont, a facsimile transmission in which he sought information about becoming Lucienne Guimond's representative payee for Social Security benefits.

(18 U.S.C. §§ 1343 & 2)

## COUNT 2

13. The grand jury repeats and realleges paragraphs 1-10 of this indictment.

14. Between August 12, 2009 and September 8, 2009, in the District of Vermont, the defendant PAUL TURCOTTE, in a matter within the jurisdiction of the Social Security Administration, part of the executive branch of the Government of the United States, knowingly and willfully made materially false statements and representations, to wit,

1. That for the past three years, he had used the proceeds of Lucienne Guimond's SSA checks "specifically for her care";

2. That Lucienne "has always signed her check in the presence of a nurse or in front of the bank's teller".

(18 U.S.C. § 1001(a)(2))

A TRUE BILL

*Tristram J. Coffin*
TRISTRAM J. COFFIN (GLW)
United States Attorney

Rutland, Vermont
July 27, 2011